*04 - 3331*

this settlement are Past Response Costs, Future Response Costs other than Future Oversight Costs, as defined herein and the Work as defined herein. Solely as to claims among themselves, the Settling Defendants waive any rights to contribution protection as against each other for matters addressed in this Consent Decree, including any such rights pursuant to CERCLA Section 113(f)(2).

89.     The Settling Defendants agree that with respect to any suit or claim for contribution brought by them for matters related to this Consent Decree they will notify the United States in writing no later than 60 days prior to the initiation of such suit or claim.

90.     The Settling Defendants also agree that with respect to any suit or claim for contribution brought against them for matters related to this Consent Decree they will notify in writing the United States within 10 days of service of the complaint on them. In addition, Settling Defendants shall notify the United States within 10 days of service or receipt of any Motion for Summary Judgment and within 10 days of receipt of any order from a court setting a case for trial.

91.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other appropriate relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section XXI (Covenants Not to Sue by Plaintiff).

92.     In any subsequent judicial proceeding initiated by any Settling Defendant relating to the Site, other Settling Defendants shall not assert and may not maintain against any Settling Defendant any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting or other defenses based upon any contention that the claims raised in the subsequent proceeding were or should have been brought in the instant case (provided, however, that nothing in this Paragraph affects the enforceability of the covenants not to sue set forth in Section XXII (Covenants Not to Sue by Settling Defendants)).

### XXIV. ACCESS TO INFORMATION

93.     Settling Defendants shall provide to EPA, upon request, copies of all documents and information within their possession or control or that of their contractors or agents relating to OU2 or to the implementation of this Consent Decree, including, but not limited to, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, sample traffic routing, correspondence, or other documents or information related to the Work. Settling Defendants shall also make available to EPA, for purposes of investigation, information gathering, or testimony, their employees, agents, or representatives with knowledge of relevant facts concerning the performance of the Work.

94.     Business Confidential and Privileged Documents.

        a.      Settling Defendants may assert business confidentiality claims covering part or all of the documents or information submitted to Plaintiff under this Consent Decree to

the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b). Documents or information determined to be confidential by EPA will be afforded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies documents or information when they are submitted to EPA, or if EPA has notified Settling Defendants that the documents or information are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such documents or information without further notice to Settling Defendants.

   b.   The Settling Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Settling Defendants assert such a privilege in lieu of providing documents, they shall provide the Plaintiff with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the contents of the document, record, or information: and (6) the privilege asserted by Settling Defendants. However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

   95.   No claim of confidentiality shall be made with respect to any data, including, but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the Site.

## XXV. RETENTION OF RECORDS

   96.   Until 10 years after the Settling Defendants' receipt of EPA's notification pursuant to Paragraph 48.b of Section XIV (Certification of Completion of the Work), each Settling Defendant shall preserve and retain all non-identical copies of records and documents (including records or documents in electronic form) now in its possession or control or which come into its possession or control that relate in any manner to its liability under CERCLA with respect to the Site, provided, however, that Settling Defendants who are potentially liable as owners or operators of the Site must retain, in addition, all documents and records that relate to the liability of any other person under CERCLA with respect to the Site. Each Settling Defendant must also retain, and instruct its contractors and agents to preserve, for the same period of time specified above all non-identical copies of the last draft or final version of any documents or records (including documents or records in electronic form) now in its possession or control or which come into its possession or control that relate in any manner to the performance of the Work, provided, however, that each Settling Defendant (and its contractors and agents) must retain, in addition, copies of all data generated during the performance of the Work and not contained in the aforementioned documents required to be retained. Each of the above record retention requirements shall apply regardless of any corporate retention policy to the contrary. If approved by the United States, Settling Defendants may elect to preserve and retain any or all of the documents referred to in this Paragraph in electronic format only. If Settling Defendants so elect, Settling Defendants waive any objection to admissibility of such documents in evidence based on lack of an original or a hard copy of the documents.

97.    At the conclusion of this document retention period, Settling Defendants shall notify the United States at least 60 days prior to the destruction of any such records or documents, and, upon request by the United States, Settling Defendants shall deliver any such records or documents to EPA. The Settling Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Settling Defendants assert such a privilege, they shall provide the Plaintiff with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Settling Defendants. However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

98.    Each Settling Defendant hereby certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information (other than identical copies) relating to its potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## XXVI. DE MINIMIS SETTLEMENT TRUST ACCOUNT

99.    a.    Except as provided in Paragraph 99.b. below, Settling Defendants shall be entitled to distribution of funds from the SCP/Carlstadt De Minimis Settlement Trust in accordance with Paragraph 45.d.1 of EPA's Administrative Order on Consent (Index No. II-CERCLA-97-0106), and Section 2.3(a) of the SCP/Carlstadt De Minimis Settlement Trust Agreement dated July 2, 1997, a copy of which is attached as Appendix H.

b.    In the event EPA assumes performance of a portion or all of the Work pursuant to Paragraph 81 of Section XXI (Covenants Not to Sue by Plaintiff), EPA shall receive any amount remaining in the SCP/Carlstadt De Minimis Settlement Trust Account ("Trust Account") for deposit into the Scientific Chemical Processing Superfund Site Special Account, and Settling Defendants shall not object to the transfer of such remaining amount to EPA by the Trustee of the Trust Account. If a modification to the SCP/Carlstadt De Minimis Settlement Trust Agreement and/or EPA's Administrative Order on Consent (Index No. II-CERCLA-97-0106) is necessary to effectuate such a transfer, Settling Defendants shall not object to such a modification.

## XXVII. NOTICES AND SUBMISSIONS

100.    Whenever, under the terms of this Consent Decree, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Written notice as specified

herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA and the Settling Defendants, respectively.

As to the United States:
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Re: DOJ # 90-11-2-495/1

As to EPA:
New Jersey Remediation Branch
Emergency and Remedial Response Division
U.S. EPA, Region 2
290 Broadway
New York, NY 10007-1866
Attention: SCP Site Remedial Project Manager

New Jersey Superfund Branch
Office of Regional Counsel
U.S. EPA, Region 2
290 Broadway
New York, NY 10007-1866
Attention: SCP Site Attorney

As to the Regional Financial Management Officer:

Chief, Financial Management Branch
U.S. EPA, Region 2
290 Broadway, 29th Floor
New York, NY 10007-1866

As to the Settling Defendants:
Name:_____
Settling Defendants' Project Coordinator
Address:_____
_____

As to NJDEP:
Riche Outlaw
NJDEP, Bureau of Case Management
401 East State Street, P.O. Box 028
Trenton, NJ 08625

## XXVIII. EFFECTIVE DATE

101.    The effective date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court, except as otherwise provided herein.

## XXIX. RETENTION OF JURISDICTION

102.    This Court retains jurisdiction over both the subject matter of this Consent Decree and the Settling Defendants for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms, or to resolve disputes in accordance with Section XIX (Dispute Resolution) hereof.

## XXX. APPENDICES

103.    The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the ROD.

"Appendix B" is the List of Settling Defendants.

"Appendix C" is the description and/or map of the Site.

"Appendix D" is the SOW.

"Appendix E" is the access easement for the SCP Carlstadt Property.

"Appendix F" is the Draft Deed Notice.

"Appendix G" is the De Minimis Administrative Consent Order.

"Appendix H" is the De Minimis Settlement Trust Agreement.

## XXXI. COMMUNITY RELATIONS

104.    Settling Defendants shall propose to EPA their participation in the community relations plan to be developed by EPA. EPA will determine the appropriate role for the Settling Defendants under the Plan. Settling Defendants shall also cooperate with EPA in providing information regarding the Work to the public. As requested by EPA, Settling Defendants shall participate in the preparation of such information for dissemination to the public and in public meetings which may be held or sponsored by EPA to explain activities at or relating to the Site.

## XXXII. MODIFICATION

105.    Schedules specified in this Consent Decree for completion of the Work may be modified by agreement of EPA and the Settling Defendants. All such modifications shall be made in writing.

106.    Except as provided in Paragraph 13 (Modification of the SOW or Related Work Plans), no material modifications shall be made to the SOW without written notification to and written approval of the United States, Settling Defendants, and the Court, if such modifications fundamentally alter the basic features of the selected remedy within the meaning of 40 C.F.R.

300.435(c)(2)(B)(ii). Prior to providing its approval to any such modification, the United States will provide the State with a reasonable opportunity to review and comment on the proposed modification. Modifications to the SOW that do not materially alter that document, or material modifications to the SOW that do not fundamentally alter the basic features of the selected remedy within the meaning of 40 C.F.R. 300.435(c)(2)(B)(ii), may be made by written agreement between EPA and the Settling Defendants.

107.    Nothing in this Decree shall be deemed to alter the Court's power to enforce, supervise or approve modifications to this Consent Decree.

## XXXIII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

108.    This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with Section 122(d)(2) of CERCLA, 42 U.S.C. § 9622(d)(2), and 28 C.F.R. § 50.7 and an opportunity for a public meeting pursuant to §7003(d) of RCRA, 42 U.S.C. §6973(d). The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

109.    If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties. If this Consent Decree is not entered by the Court for any reason, the Parties agree that any activities of the Settling Defendants approved by EPA and conducted in compliance with the provisions of this Consent Decree shall be deemed to be consistent with the NCP as provided in Paragraph 7.

## XXXIV. SIGNATORIES/SERVICE

110.    Each undersigned representative of a Settling Defendant to this Consent Decree and the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

111.    Each Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States has notified the Settling Defendants in writing that it no longer supports entry of the Consent Decree.

112.    Each Settling Defendant shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons. The parties agree that Settling Defendants need not file an answer to the complaint in this action unless or until the court expressly declines to enter this Consent Decree.

## XXXV. FINAL JUDGMENT

113.   This Consent Decree and its appendices constitute the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Consent Decree.  The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

114.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States and the Settling Defendants.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 24th DAY OF September, 2004.

Harold A. Ackerman

United States District Judge

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. 3M Company, et al. ("Settling Defendants"), relating to the Scientific Chemical Processing Superfund Site.

**FOR THE UNITED STATES OF AMERICA**

7/7/04
Date

Catherine R. McCabe
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611

7/8/04
Date

Elizabeth Yu
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
(202) 514-2277

7/13/04
Date

Michael A. Chagares
Assistant United States Attorney
Chief, Civil Division
District of New Jersey
970 Broad Street
Newark, N.J. 07102
(973) 645-2839

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.


6/17/04
Date

_Kathleen Callahan_
Jane M. Kenny
Regional Administrator, Region 2
U.S. Environmental Protection Agency
290 Broadway
New York, NY 10007-1866


5/26/04
Date

Damaris Urdaz Cristiano
Assistant Regional Counsel
U.S. Environmental Protection Agency
290 Broadway
New York, NY 10007-1866

43

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR    3M Company (formerly Minnesota Mining and Manufacturing)   *

3/12/2004
Date

Signature: _____

Name (print): R. A. Paschke

Title: Manager, Corporate Environmental Programs

Address: P O Box 33428

St. Paul, MN 55133-3428

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): David P. Schneider

Title: Counsel

Address: Bressler Amery & Ross

325 Columbia Turnpike

Florham Park, NJ 07932

Ph. Number: 973/514-1200

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR Air Products and Chemicals,* Inc.

3/17/04
Date

Signature: _____

Name (print): W. Douglas Brown
Title: Vice President, General Counsel and Secretary
Address: Air Products and Chemicals
7201 Hamilton Boulevard
Allentown, PA  18195-1501
_____

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): The Corporation Trust Company
Title: _____
Address: 820 Bear Tavern Road
Third Floor
West Trenton, NJ  08628
Ph. Number:  (609) 538-1818

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR  Akzo Nobel Coatings Inc.    *
(generator: Reliance Universal Inc.)

12 March 2004
Date

Signature: _____

Name (print): Douglas W. Butler

Title: Senior Environmental Affairs Mgr.

Address: Akzo Nobel Coatings Inc.
2031 Nelson Miller Parkway
Louisville, KY  40223


Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): ____(same)_____

Title: _____

Address: _____

_____

Ph. Number: (502) 254-0503


*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

All

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR _Altje, Inc_ *

ALTJE, INC

March 17, 2004
Date

Signature: _John Randolph_
Name (print): _JOHN H RANDOLPH_
Title: _____
Address: _13 BALDWIN_
_SADDLE RIVER, NJ 07458_
_____
_____

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): _SAME AS ABOVE_
Title: _____
Address: _____
_____
Ph. Number: _____

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

American Cyanamid - Lederle Labs - Schulton, Inc.
FOR _____ *

3-16-2004
Date

Signature: _____
Name (print): Karen E. Koster
Title: V.P., Safety, Health and Environment
Address: Cytec Industries Inc.
5 Garret Mountain Plaza
West Paterson, NJ 07424
_____

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Thomas Waldman
Title: Senior Litigation Counsel
Address: Cytec Industries Inc.
5 Garret Mountain Plaza
West Paterson, NJ 07424
Ph. Number: 973-357-3136

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR _AMERICAN STANDARD_ *
_COMPANIES_

3-22-04

Date

Signature: _[signature]_
Name (print): _KEVIN R. TUBBS_
Title: _DIRECTOR, ENVIRONMENTAL AFFAIRS_
Address: _1 CENTENNIAL AVENUE_
_PO BOX 6820_
_PISCATAWAY, NJ 08855_

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): _FRANKLIN W. BOENNING_
Title:
Address: _LOWENSTEIN SANDLER PC_
_65 LIVINGSTON AVE_
_ROSELAND, NJ 07068_
Ph. Number: _973 597- 2430_

*/  A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR _____ ASHLAND INC. _____ *

Ashland Oil Inc., Ashland Chemical Inc.
Ashland Chemical Company

March 11, 2004
Date

Signature: _Thomas F. Davis_

Name (print): _Thomas F. Davis_

Title: Associate General Counsel

Address: Ashland Inc.

5200 Blazer Parkway

Dublin, Ohi 43017

614-790-3814

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): _Robin Lampkin-Isabel_

Title: _Senior Group Counsel_

Address: _5200 Blazer Parkway_

_Dublin, OH  43017_

Ph. Number: _614-790-3019_

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR ATOFINA Chemicals, Inc. on behalf of its predecessors - Pennwalt Corporation and M&T Chemicals, Inc.

3/15/04
Date

Signature:

Name (print): Jean Claude Rebeille
Title: Executive Vice President
Address: 2000 Market Street - 26th Floor
Philadelphia, PA   19103-3222

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): William Hamel, Esquire
Title: Deputy General Counsel
Address: 2000 Market Street
Philadelphia, PA   19103-3222

Ph. Number: 215-419-7052

*/  A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR   **BASF Corporation on behalf of it self and as successor to BASF Wyandotte Corporation \***

March 24, 2004

Date

Signature: *Nan Bernardo*

Name (print):  Nan Bernardo

Title:           Counsel

Address:       BASF Corporation

                      3000 Continental Drive – North

                      Mt. Olive, NJ 07828-1234

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):  Nan Bernardo

Title:           Counsel

Address:       BASF Corporation

                      3000 Continental Drive – North

                      Mt. Olive, NJ 07828-1234

Phone No.      (973) 426-6006

\*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR _Bayer Chemicals Corporation_

Signature: _Marcy L Tenaglia_
Name (print): _Marcy L. Tenaglia_
Title: _Vice President, General Counsel & Secretary_
Address: _100 Bayer Road_
_Pgh, PA 15205-9741_

Date _____

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): _Anne H. Lewis_
Title: _Senior Counsel Bayer Corporate &_
Address: _100 Bayer Road      Business Service_
_Pittsburgh PA 15205_

Ph. Number: _412-777-3156_

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR Bee Chemical Company

March 24, 2004
Date

Signature: _____

Name (print): Edward E. Liebert

Title: Treasurer

Address: 100 Independence Mall West

Philadelphia, PA   19106

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Jeffrey C. Wyant

Title: Chief Regulatory Counsel

Address: 100 Independence Mall West

Philadelphia, PA   19106

Ph. Number: 215-592-6782

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR   Benjamin Moore & Co.          *

March 8, 2004
Date

Signature: _Donald E. Devine II_
Name (print): Donald E. Devine, II
Title: Executive V.P. and CFO
Address: 51 Chestnut Ridge Road
Montvale, NJ  07645

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Jo Ann Glaccum
Title: VP, General Counsel + Secretary
Address: 51 Chestnut Ridge Rd.
Montvale, NJ  07645

Ph. Number: 201-573-9600

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR Ber Mar Manufacturing Corp.   *

3/15/04
Date

Signature: _____
Name (print): Alfred Guercio
Title: President
Address: 110 Third Avenue
Brooklyn, NY  11217
_____
_____

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Martin B. Wasser
Title: Counsel for Ber Mar Manufacturing Corp.
Address: Phillips Nizer LLP
666 Fifth Avenue
New York, NY  10103-0084
Ph. Number: (212) 977-9700

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v.
Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

BORDEN CHEMICAL, INC   FOR

FOR _BORDEN FABRIC LEATHER & *_
_BORDEN, INC._

Signature: _C. Richard Spangor_
Name (print): _C. RICHARD SPANGOR_
Title: _DIRECTOR EH+S_
Address: _180 E BROAD ST_
_COLUMBUS, OHIO 43215_

Date _____

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): _Corporation Services Company_
Title: _____
Address: _830 Bear Tavern Rd._
_West Trenton, NJ 08628_
Ph. Number: _____

*/  A separate signature page must be signed by each corporation, individual or other legal entity
that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR  Bristol-Myers Squibb Company  *
successor to E.R. Squibb & Sons, Inc.

3/16/04

Date

Signature: _William L. McGarry_
Name (print): William L. McGarry
Title: Vice President and Senior Counsel
Address: 6000 Thompson Road
E. Syracuse, New York  13057

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): O'Connor & Hannan L.L.P.
Title: Reed W. Neuman, Esq.
Address: 1666 K Street, N.W., Suite 500
Washington, D.C. 20006-2803

Ph. Number: (202) 887-1400

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

FROM DRINKER, BIDDLE & REATH                    (THU) 3. 25`04   8:52/ST. 8:51/NO. 4860176847 P   2

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v.
Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR Browning-Ferris Industries of New Jersey, *
for itself and for Cecos International, Inc.
and Newco Waste Systems, Inc.

3/25/04
Date

Signature: _____
Name (print): VICTORIA WARREN
Title: MANAGER, SUPERFUND
Address: 6711 W. 1000 N.
McCORDSVILLE, IN 46055
_____
_____

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): VICTORIA WARREN
Title: MANAGER, SUPERFUND
Address: 6711 W. 1000 N.
McCORDSVILLE, IN 46055

Ph. Number: 317-335-9550

*/ A separate signature page must be signed by each corporation, individual or other legal entity
that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR _Chemcoat Inc._ *

March 8, 2004
Date

Signature: _Kevin J Bruno_
Name (print): _Kevin J. Bruno_
Title: _Attorney For_
Address: _Robertson, Freilich Bruno & Cohen_
_One Riverfront Plaza_
_4th Floor_
_Newark, NJ 07102_

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): _Same as above_
Title: _____
Address: _____
_____
Ph. Number: _____

**\*/** A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

CHEMICAL POLLUTION

FOR CONTROL, INC. of NY _____ *

Signature: _____

Name (print): JOHN STILLER

Title: AREA MANAGER, REGULATORY AFFAIRS

Address: 275 ALLENS AVE.

PROVIDENCE RI 02905

_____

3/23/04
Date

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): JOHN STILLER

Title: AREA MANAGER REGULATORY AFFAIRS

Address: 275 ALLENS AVE.

PROVIDENCE RI 02905

Ph. Number: 401-781-6340

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR _Ciba Specialty Chemicals Corporation_
_(assuming any liability of Novartis_
_Corporation (f/k/a Ciba-Geigy Corporation)_
_for purposes of this matter, with approval_
_of Novartis Corporation)_

March 8, 2004
Date

Signature: _[signature]_
Name (print): _Douglas V. Heller_
Title: _VP EHS_
Address: _540 White Plains Road_
_Tarrytown, NY   10591_

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): _James Maewsky_
Title: _Assistant Secretary_
Address: _540 White Plains Road_
_Tarrytown NY  10591_

Ph. Number: _914 - 785 - 2517_

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR   CNA Holdings, Inc.                    *

3/18/04
Date

Signature: _Rachel Cohen_
Name (print): _Richard G. Hanlon_
Title: _Sr. Manager Remediation_
Address: _86 Morris Ave_
_Summit NJ 07901_

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): CT Corporation System
Title:
Address: 820 Bear Tavern Road
West Trenton NJ 08628

Ph. Number: 609-538-0481

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR
American Hoechst Corporation,
merged into Celanese Corporation, now
known as CNA Holdings, Inc.         *

Date: 3/18/04

Signature: _Richard G Hanlon_
Name (print): RICHARD G. HANLON
Title: GL MANAGER - Remediation
Address: 86 MORRIS AVE.
Summit NJ 07901

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): CT Corporation
Title: _____
Address: 820 Bear Tavern Road
West Trenton NJ 08628

Ph. Number: 609-538-0481

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR _Congoleum Corporation_

Date: 3/22/04

Signature: _Hedewit_
Name (print): _Russell L. Hewit_
Title: _Attorney_
Address: _Dughi, Hewit + Palatucci_
_340 North Ave_
_Cranford, NJ 07016_

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): _Russell L. Hewit_
Title: _Attorney_
Address: _Dughi, Hewit + Palatucci_
_340 North Ave_
_Cranford, NJ 07016_
Ph. Number: _908.272.0200_

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR ___Crown Beverage Packaging Company, Inc.___

3/23/04
Date

Signature: _____
Name (print): ___Terrence Dwyer, Esq.___
Title: ___Counsel___
Address: ___Dwyer, Golub & Isabel___
___16 Furler Street___
___P.O. Box 437___
___Totowa, NJ 07512___

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): ___Terrence Dwyer, Esq.___
Title: ___Counsel___
Address: ___Dwyer, Golub & Isabel___
___16 Furler Street___
___P.O. Box 437 Totowa, NJ 07512___
Ph. Number: ___973-785-4100___

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR _Cycle Chem Inc_          *

**3/8/04**
Date

Signature: _Michael Persico_
Name (print): _Michael Persico_
Title: _President_
Address: _201 South First St_
_Elizabeth, New Jersey 07206_

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): _Kelly & Rum_
Title: _Attorneys_
Address: _605 Third Ave_
_New York, New York 10158_

Ph. Number: _212-953-2626_

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR  Dri-Print Foils, Inc.                    *
                                              **

3/23/04
Date

Signature: _Joseph DePanto_ *
Name (print): _Joseph DePANTO_
Title: _GENERAL MANAGER_
Address: _API FOILS, INC._
_329 NEW BRUNSWICK AVE._
_RAHWAY, NJ 07065_

* SEE ATTACHED LETTER

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): _MARK L. MANEWITZ_
Title: _ATTORNEY_
Address: _Reed Smith, LLP_
_1 Riverfront Plaza, 1st Floor_
_Newark, NJ 07102_
Ph. Number: _(973) 621 - 3200_

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

** Subsidiaries, Successors, etc.:

Beatrice Foods Co.
Beatrice Companies, Inc.
Beatrice Company
Hunt-Wesson, Inc.
ConAgra Grocery Products Company
API Foils, Inc.
~~Converters Ink Co., Inc.~~

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR _DuPont Company_ *

_Mav 13, 2004_
Date

Signature: _Bernard J. Reilly_
Name (print): _Bernard J. Reilly_
Title: _Corporate Counsel_
Address: _DuPont Legal   D7082_
_1007 Market Street_
_Wilmington, DE 19898_

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): _Same_
Title: _____
Address: _____

Ph. Number: _302-774-5445_

*/ A separate signature page must be signed by each corporation, individual or other legal entity that is settling with the United States.

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of the United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR: Exxon Mobil Corporation

3/19/09
Date

Signature: _____
Name (print): Zane K, Bolen
Title: Area Manager, Superfund and Orphan Sites
Address: ExxonMobil Refining & Supply Co
            16825 Northchase Dr., Rm# 922
            Houston, TX   77060

Agent Authorized to Accept Service on Behalf of the Above-signed Party:

Name (print): Michael J. Skinner
Title: Consultant to ExxonMobil
Address: 230 Kings Highway East, #300
            Haddonfield, NJ  08033
Telephone No.: 856-429-5336

THE UNDERSIGNED PARTY, enters into this Consent Decree in the matter of the United States v. Settling Defendants, relating to the Scientific Chemical Processing Superfund Site.

FOR: ExxonMobil Oil Corporation

3/19/04
Date

Signature: _Z. Hnl_
Name (print): Zane K. Bolen
Title: Area Manager, Superfund and Orphan Sites
Address: ExxonMobil Refining & Supply Co
16825 Northchase Dr., Rm# 922
Houston, TX  77060

Agent Authorized to Accept Service on Behalf of the Above-signed Party:

Name (print): Michael J. Skinner
Title: Consultant to ExxonMobil
Address: 230 Kings Highway East, #300
Haddonfield, NJ  08033
Telephone No.: 856-429-5336